**PHILLIPS DAYES LAW GROUP PC**
ATTORNEYS AT LAW
Suite 1500
3101 North Central Avenue
Phoenix, Arizona 85012
(602) 258-8900
minute_entries@phillipslaw.com

Trey Dayes (AZ Bar # 020805)
treyd@phillipsdayeslaw.com
Dawn M. Sauer (AZ Bar # 030271)
dawns@phillipsdayeslaw.com
John L. Collins (AZ Bar # 030351)
johnc@phillipsdayeslaw.com
Sean Davis (AZ Bar #030754)
seand@phillipsdayeslaw.com
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZIONA

| | |
|---|---|
| Anna Acosta, a single woman; Jorge Forero, a single man; and Nola Isla, a single woman<br><br>Plaintiffs,<br><br>vs.<br><br>AlpineGate Technologies LLC, an California Limited Liability Company; John and Samiye Godel, husband and wife;<br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiffs allege:

## **NATURE OF THE CASE**

1.   Plaintiffs seek to recover unpaid wages and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees and costs pursuant to A.R.S. §23-355 and *inter alia* A.R.S. §12-341.01.

2. Plaintiffs also bring this claim in the alternative under the Fair Labor Standards Act ("FLSA"). The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

3. Employers must compensate employees for all work that employers permit employees to perform. See 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. Id.

4. Plaintiffs brings this action against Defendant for unlawful failure to pay minimum wage in direct violation of the Fair Labor Standards Act, 29 USC §201 *et seq.* (hereinafter FLSA) and specifically the minimum wage provision of the FLSA found at §206(a).

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

6. Venue is proper under 28 U.S.C. §1391(b) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

7. The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of

Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## **PARTIES**

8. At all times material hereto, Plaintiffs Acosta and Isla were and continue to be residents of Maricopa County, Arizona.

9. At all times material hereto, Plaintiffs Acosta and Isla were and continue to be residents of Pinal County, Arizona.

10. Defendant AlpineGate Technologies LLC is incorporated in the State of California. Plaintiffs worked from home in Arizona for Defendants.

11. Upon information and belief, and consistent with the information available from the California Corporation Commission, Defendants John and Samiye Godel were and are the owners of AlpineGate Technologies LLC.

12. Upon information and belief, at all times material hereto, Defendants John and Samiye Godel were and are residents of San Francisco County, California.

13. John and Samiye Godel have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

14. At all relevant times, Plaintiffs were "employees" of AlpineGate Technologies LLC ., as defined by 29 U.S.C. §203(e)(1).

15. The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA apply to AlpineGate Technologies LLC.

16. At all relevant times, AlpineGate Technologies LLC was and continues to be an employer as defined in 29 U.S.C. § 203(d).

17. On information and belief, Defendants John and Samiye Godel are deemed an "employer" for purposes of the FLSA, including, without limitation, 29 U.S.C. §216, and are co-equally liable with Defendant AlpineGate Technologies LLC . for all matters.

18. At all times material to this action, AlpineGate Technologies LLC was and is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

19. Upon information and belief, at all relevant times, the annual gross revenue of AlpineGate Technologies LLC exceeded $500,000.00

## FACTUAL BACKGROUND

20. Plaintiff Acosta was hired by Defendants in approximately February of 2013 as a non-exempt hourly paid computer software project coordinator.

21. Plaintiff Forero was hired by Defendants in September of 2011 as the Executive Vice President of Technology and the Chief Operations Officer.

22. Plaintiff Isla was hired by Defendants in June of 2012 as a senior consultant.

23. Both Plaintiff Forero and Isla signed employment agreements with Defendants that included an annual salary and a medical allowance.

24. Defendants reached an agreement to compensate Plaintiff Acosta an hourly rate of $28 per hour.

25. Defendants reached an agreement to compensate Plaintiff Forero an annual salary of $180,000 per year plus a yearly medical allowance.

26. Defendants reached an agreement to compensate Plaintiff Isla an annual salary of

$120,000 per year plus a yearly medical allowance.

27. In late 2012 Defendant Godel requested that the Defendants be allowed to withhold salary from Plaintiff Forero because of the Defendants' financial situation.

28. Plaintiff Forero agreed as long as the other employees would not be impacted and that Defendants would make Plaintiff Forero whole by January 1, 2014.

29. Beginning in September of 2013 Plaintiffs began to receive their paychecks late.

30. For example, September 2013's pay did not arrive until the middle of October.

31. This was a pervasive pattern through the end of Plaintiffs' employment with Defendants.

32. Plaintiff Acosta's employment ended with Defendants on November 27, 2013.

33. Plaintiff Acosta has yet to be paid for her hourly work in November.

34. Plaintiff Isla left her employment with Defendants on December 15, 2013, partly because she was not being paid her wages on time.

35. Plaintiff Isla has yet to receive her two final paychecks and her 2013 medical allowance.

36. In January of 2014, Plaintiff Forero confronted Defendant John Godel about the late payments to Plaintiffs Acosta and Isla.

37. On January 15, 2014, instead of ensuring that the employees were compensated, Defendant John Godel terminated Plaintiff Forero.

38. At the time of the termination, Defendants owed Plaintiff Forero back wages, medical allowances, reimbursed expenses, and commissions.

39. All Plaintiffs have yet to be paid.

40. In November 2013, Defendants failed to properly compensate Plaintiff Acosta for her hours and failed to pay her minimum wage.

41. Plaintiff Acosta was a non-exempt employee.

42. Plaintiff Acosta was not a manager.

43. Plaintiff Acosta did not exercise discretion and independent judgment with respect to matters of significance.

44. Defendants' failure and/or refusal to properly compensate Plaintiff Acosta at the rates and amounts required by the FLSA were/was willful as Plaintiff Forero complained about this policy on multiple occasions, and in fact, was terminated in January of 2014 for complaining about Plaintiff Acosta not being compensated appropriately.

45. Defendants refused and/or failed to properly disclose to or apprise Plaintiff Acosta of her rights under the FLSA.

46. Defendants failed to keep proper time records in violation of the FLSA.

47. Plaintiffs have retained the law firm of Phillips Dayes Law Group, P.C. to represent them in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

**COUNT ONE AS TO ALL PLAINTIFFS**
**FAILURE TO PAY WAGES**

48. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

49. Upon information and belief, Defendants failed to pay Plaintiffs "wages" (as that term is defined by A.R.S. § 23-350) in the amount of commissions that are owed.

50. Plaintiff Acosta is owed wages for the hours worked in November of 2013.

51. Plaintiff Forero is owed back wages, medical allowances, reimbursed expenses, and commissions.

52. Plaintiff Isla is owed her two final paychecks and her 2013 medical allowance.

53. Upon information and belief, Defendants' failure to pay Plaintiffs said wages was willful, unreasonable, and in bad faith.

54. Defendants did not rely on a good faith dispute in not paying Plaintiffs their wages.

55. Pursuant to A.R.S. § 23-355, Plaintiffs are entitled to an award of treble the amount calculated above.

56. Pursuant to, *inter alia,* A.R.S. § 12-341.01, Plaintiffs are entitled to an award of their attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

    a. Awarding Plaintiffs regular compensation in the amount due to them for all of commissions that they were not compensated for.

    b. Awarding Plaintiffs treble the amount calculated pursuant to the preceding paragraph.

    c. Awarding Plaintiffs reasonable attorneys' fees and costs and expenses of the litigation pursuant to A.R.S. § 12-341.01.

    d. For Plaintiffs' costs incurred in this action.

    e. Awarding Plaintiffs pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full.

    f. Awarding Plaintiffs post-judgment interest, at the highest legal rate, on all

awards from the date of such award until paid in full.

    g. Ordering any other and further relief as the Court deems just and proper

### COUNT TWO AS TO PLAINTIFFS ACOSTA AND ISLA ONLY
### VIOLATION OF FAIR LABOR STANDARDS ACT §206

57. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

58. Pursuant to 29 U.S.C. § 206, Defendant was required to pay Plaintiff Acosta at least the amount of the federal minimum wage when those wages were due.

59. Whether through the above-enumerated policies or otherwise, Defendants willfully failed and refused to pay Plaintiffs Acosta and Isla at least the amount of the federal minimum wage, when those wages were due.

60. Plaintiffs Acosta and Isla are entitled to collect the difference between her received wages and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements and reasonable attorney fees pursuant to 29 U.S.C. §216(b).

61. Plaintiffs Acosta and Isla have been required to bring this action to recover federal minimum wages remaining due and unpaid, and statutory liquidated damages.

WHEREFORE, Plaintiffs Acosta and Isla respectfully requests that judgment be entered in their favor against Defendants:

    a. Awarding Plaintiffs Acosta and Isla compensation in the amount due to her for unpaid minimum wages in an amount proved at trial;

    b. Awarding Plaintiffs Acosta and Isla liquidated damages in an amount equal to the award;

    c. Awarding Plaintiffs' reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

    d. For Plaintiffs costs incurred in this action;

    e. Awarding Plaintiffs Acosta and Isla pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

    f. Awarding Plaintiffs Acosta and Isla post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

    g. For such other and further relief as the Court deems just and proper.

**COUNT THREE AS TO PLAINTIFF FORERO ONLY**
**<u>RETALIATION IN VIOLATION OF THE FLSA</u>**

62. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

63. As set forth above, Plaintiff Forero were retaliated against for exercising their rights under the FLSA.

64. Pursuant to FLSA, 29 U.S.C. § 215(a)(3), it is unlawful to discharge or in any other manner discriminate against any employee because such employee has filed a complaint or instituted or caused to be instituted any proceedings under or related to this chapter, or has testified or is about to testify in any such proceedings, or has served or is about to serve on an industry committee…"

65. Such conduct not only includes formal complaints with a court or the Department of Labor, but also informal complaints to an employer. *See Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1151 (9th Cir. 2000).

66. Plaintiff Forero has suffered emotional distress, mental anguish, lost past and future wages as a result of Defendants' retaliatory conduct.

67. As a result of Defendants' retaliatory conduct, Plaintiff Forero is entitled to compensatory damages, punitive damages, attorneys' fees and costs, and all other legal or equitable relief permitted under 29 U.S.C. § 216.

## COUNT FOUR
## DECLARTORY JUDGMENT

68. Plaintiffs incorporate and adopt the preceding paragraphs as if fully set forth herein.

69. Plaintiffs and Defendants have a Fair Labor Standards Act dispute pending.

70. The Court has jurisdiction to hear Plaintiffs' request for declaratory relief pursuant to the Declaratory Judgment Act 28 U.S.C. §§ 2201-2202.

71. Plaintiffs may obtain declaratory relief.

72. Defendants employed Plaintiffs.

73. Defendants are an enterprise covered by the FLSA.

74. Plaintiffs are individually covered by the FLSA.

75. Plaintiffs are entitled to overtime wages pursuant to 29 U.S.C. §207.

76. Defendants did not keep accurate time records pursuant to 29 U.S.C §211(c) and 29 C.F.R. Part 516.

77. Plaintiffs are entitled to an equal amount of liquidated damages as Defendants' policy of failing to pay proper overtime compensation remains in effect.

78. Defendants did not rely on a good faith defense in its failure to abide by the provisions of the FLSA and failure to pay overtime compensation.

79. It is in the public interest to have these declarations of rights recorded as Plaintiffs' declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

80. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against Defendants:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime provisions of the FLSA.

b. For Plaintiffs' costs incurred in this action.

c. Awarding Plaintiffs' reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

d. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: March 6, 2014          Respectfully submitted,

**PHILLIPS DAYES LAW GROUP PC**

/s/ Trey Dayes
Trey Dayes
treyd@phillipsdayeslaw.com